UNITD STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-332

ELIZABETH and ROBERT MITCHELL                                    PLAINTIFFS

V.

HOME DEPOT U.S.A. d/b/a THE HOME
DEPOT, et al.                                                    DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendant's motion for a protective order (DN 17).

Plaintiffs have responded (DN 20).  Defendant has replied (DN 26).  This matter is now ripe for

adjudication.  For the foregoing reasons, Defendant's motion (DN 17) is DENIED.

**BACKGROUND**

On April 30, 2010, Plaintiff Elizabeth Mitchell and her husband, Plaintiff Robert Mitchell

(collectively "Plaintiffs"), were in a Home Depot store located at 10301 Westport Road in

Louisville, Kentucky.  While walking through the aisles in the garden center, the wind blew thin

plastic wrapping off of a stack of mulch and wrapped around Elizabeth Mitchell's legs, causing

her to fall.  As a result of the fall, Elizabeth Mitchell was injured.

Plaintiffs then brought this action against Home Depot in Jefferson Circuit Court on April

28, 2011.  Defendant Home Depot ("Home Depot") subsequently removed the case to this Court.

Plaintiffs propounded interrogatories and requests for production of documents to Home Depot

on August 18, 2011.  Home Depot answered the requests on October 14, 2011, but declined to

produce numerous documents on the grounds of confidentiality.  Plaintiffs and Home Depot then

filed an Agreed Protective Order, which this Court entered on November 2, 2011.  The Agreed

Protective Order provides the process by which any party may challenge the defendant's

designation of materials or deposition transcripts as confidential.  First, that party shall correspond in writing with the opposing party within seven business days after receipt of  the materials or the transcript of the deposition and  shall identify the documents or the specific portions of any deposition for which confidentiality is being challenged.  Then, within seven business days following the receipt of such correspondence, the party seeking to maintain the confidentiality of the materials or the deposition transcript shall file a motion asking that the Court determine that the designated portions of the transcript shall continue to be treated as confidential.  DN 16 at § 3, 9.

After the entry of the Agreed Protective Order, Home Depot produced to Plaintiffs' counsel its standard operating procedures ("SOPs") and employee training videos marked as confidential.  After the production of these records, Plaintiffs' counsel took the depositions of four Home Depot employees.  During these depositions, the employees were asked questions related to the training videos and the SOPs.  The court reporter was instructed to seal the portions of the deposition transcripts related to the training videos and the SOPs.  On December 7, 2011, Plaintiffs' counsel sent Home Depot's counsel a letter challenging the designation of these materials as confidential.  Pursuant to the Agreed Protective Order, Home Depot filed this motion for a protective order.

## DISCUSSION

Home Depot seeks a permanent protective order pursuant to Federal Rule of Civil Procedure 26(c) as to its employee training videos and its SOPs.  The portions of the SOPs at issue, which have been provided to the Court under seal for review, include the following sections: Critical Operating Safety Standards, Safe Work Practices, and Managing Live Goods.  Generally, these materials contain procedures for safely stacking and displaying merchandise.

Home Depot also requests that the portions of deposition transcripts referring to these employee training videos and SOPs be placed under seal.  Home Depot contends that its employee training materials and SOPs contain trade secret procedures, techniques, processes, methods, systems, and policies.  Plaintiffs object to the protective order for these materials, arguing that they are not trade secrets or proprietary commercial information deserving of protection under Rule 26(c).

"As a general rule, pre-trial discovery proceedings are conducted in public unless compelling reasons exist to deny access."  *Waelde v. Merck, Sharpe, & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981).  Pursuant to Rule 26(c), the Court may enter a protective order "for good cause shown" to protect a party by requiring that confidential material not be revealed or be revealed only in a designated manner.[1]  When a business seeks protection of a trade secret or of commercial information under Rule 26(c), it must show that disclosure would cause "a clearly defined and very serious injury."  *Id.*  "[V]ague and conclusory allegations of confidentiality and competitive harm are insufficient.  The movant must make 'a particularized showing that the information sought is confidential' and come forth with 'specific examples' of competitive harm."  *Id.* (quoting *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Georgia 1980)).  In sum, in order to satisfy Rule 26(c), Home Depot must show that (1) the interest for

---

[1] Rule 26(c) provides as follows:

> A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a deposition be sealed and opened only on court order . . . [and/or] . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .

> Fed. R. Civ. P. 26(c)(1)(F)-(G).

which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order.

To determine whether Home Depot's employee training videos or SOPs constitute trade secret information entitled to protection under Rule 26, the Court is guided by the Kentucky Uniform Trade Secrets Act (KUTSA), KRS 365.880(4). KUTSA defines a "trade secret" as "information, including a formula, pattern, compilation, program, data, device, method, technique or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." KRS 365.880(4).

With respect to the employee training videos, Home Depot contends that they include a unique system of quizzes to ensure that the materials are being learned by Home Depot employees. DN 26-4 at ¶ 12. According to Home Depot, the process of revising or developing new training materials is a significant financial undertaking requiring collaborative effort and several months' time. DN 26-4 at ¶ 11. With respect to the SOPs, Home Depot contends that it has invested a great deal of time and money into developing the materials and estimates that it takes approximately five hours per page to develop a new or modify an existing procedure. DN 26-3 at ¶ 8. Home Depot states that it strictly controls the dissemination of its internal operating procedures, which are housed in Home Depot's corporate offices in Atlanta, Georgia. Each store has access to the SOPs through the company's secure intranet. *Id.* at ¶¶ 10-13. Additionally, employees are informed that Home Depot's policies and procedures are confidential and should not be published or disseminated. *Id.* at ¶ 15.

Home Depot compares the SOPs and employee training materials to a road map or encyclopedia of their operations and business practices, and contends that they "are a memorialization of over 30 years of experience in the industry, the compilation of knowledge and expertise of the Company's associates and the refinement of the Company's best practices." DN 26 at p. 8.  Home Depot further states that these materials are "at the very core of The Home Depot's strategies in competitively conducting its business."  DN 17-1 at p. 9.  Finally, Home Depot contends that access to the materials would be a significant value to competitors, especially smaller retailers without the resources to develop their own policies.

In response, Plaintiffs argue that none of the information designated by Home Depot as confidential constitutes a trade secret or confidential information.  Plaintiffs point out that "Home Depot itself has already made much of the information contained in the purportedly 'confidential' materials available to its suppliers, competitors, and the public at large through links in its 'Supplier Reference Guide'" on its website.[2]  DN 20 at p. 2.  Plaintiffs further contend that the SOPs are not confidential, as "any customer or competitor of Home Depot should be able to see the results of these policies and procedures by walking through a Home Depot store." DN 20 at p. 6.  Additionally, Plaintiffs cite to other courts which have found Home Depot's "Critical Operating Safety Standards" to not be confidential information deserving of protection under Rule 26(c).  *E.g., Labbe v. Home Depot U.S.A., Inc.*, 2007 WL 1074114 (Sup. Ct. Mass.

---

[2] Plaintiffs have provided a copy of portions of the Home Depot website to the Court and has provided a copy of a related Google search result.  Upon visiting the website provided, it appears that the website is no longer functional.  According to the affidavit of Chris Rabbe, Director of Merchandising Operations, the Home Depot began the process of retiring the Supplier Center several months ago.  DN 27-1 at ¶ 6.  The Supplier Center has now been replaced by two portals, which are now password protected.  *Id.*  However, in the portions provided to the Court by Plaintiff, the Supplier Reference Guide contained links to Merchandising Safety Standards.  DN 21-2 at p. 7-8.  The Supplier Reference Guide also contained safety policies and procedures for Home Depot suppliers which are of a similar character to the safety policies and procedures contained in the SOPs.

Mar. 19, 2007); *Braack v. Home Depot U.S.A., Inc.*, 2007 WL 2156371 (W.D. Wash. July 23, 2007).  Finally, Plaintiffs contend that they and the public at large will suffer significant prejudice if Home Depot is permitted to unilaterally designate materials as confidential.

In *Labbe*, Home Depot argued that its Critical Operating Safety Standards were proprietary.  2007 WL 1074114 at *2.  The *Labbe* court described the materials as relating to lift equipment, banner barricades, fall protection, ladder use, and Merchandising Safety Standards for overheads, shopping level and stacked merchandise.  *Id*. at *3.  In analyzing whether a protective order under Massachusetts's equivalent to Rule 26(c) was appropriate, the court stated as follows:

> Approaching the defendant's grounds for discovery with these principles in mind, it is clear to the Court that there is nothing in the document, "Critical Operating Safety Standards", or in the other information the defendant seeks to make subject to a confidentiality agreement that approaches proprietary or confidential material that deserves protection under Rule 26(c). The document is nothing more than a conventional safety advisory. And the Court fails to see how the plaintiff's requests relating to designs and specifications with respect to shelving systems in the defendant's stores and to policies and practices with regard to displays could be fairly said to implicate the equivalent of a trade secret, the disclosure of which could place the defendant at a competitive disadvantage.
>
> Rather, it is apparent to the Court that the defendant's motivation to insist on a confidentiality agreement is more prosaic. It is to limit the dissemination of information in order to reduce access to it by present or future claimants with regard to accidents in the defendants' other stores who would then seek to leverage it to their advantage.

*Id*. at *4.  For these reasons, the *Labbe* court rejected Home Depot's assertion of the proprietary and confidential nature of the materials and ordered the materials to be produced.

In *Braack*, Home Depot again sought a protective order for its SOPs.  2007 WL 2156371. In support of the protective order, Home Depot made identical arguments as it has made here, including the argument that competitors could selectively integrate the SOPs into their own businesses without incurring the expense associated with developing and maintaining the SOPS.

6

*Id.* at \*3.  There, the district court found that Home Depot had not made a sufficiently particularized showing of good cause for issuing a broad protective order.  *Id.* at \*4.  The court explained:

> Here, Home Depot has made a generalized claim that disclosure of its policies and procedures will result in harm if the public obtains access to them. That harm could apply to all businesses that develop policies and procedures. If the court were to issue a protective order based upon such a generalized showing, the general principle of open access that underlies the judicial system would be eviscerated.

> *Id.*

Additionally, other courts have found that materials similar to the SOPs at issue here were not entitled to protection under Rule 26(c).  In *Estridge v. Target Corp.*, the plaintiffs sought production of the defendant's written manuals and operating procedures instructing employees on the inspection or maintenance of its interior walkways for customer safety.  2012 WL 527051 at \*6 (S.D. Fla. Feb. 16, 2012).  The plaintiff additionally sought training manuals and related documents used to train employees for the inspection and maintenance of its interior walkways.  *Id.*  In response to these discovery requests, the defendant sought a protective order for the requested documents, arguing that the materials were trade secrets.  *Id.*  The district court noted that the documents for which the defendants claimed trade secret protection "[were] not the type of documents that ordinarily contain trade secrets or other confidential business information."  *Id.* at \*7.  The court found that the defendant failed to demonstrate that the documents contained trade secrets or confidential business information and ordered the defendant to produce the requested documents.  *Id.*

In *Motto v. Correctional Medical Services*, the defendant sought a Rule 26(c) protective order for general policies and procedures concerning hospital and specialty care, continuity of care, patient escort, emergency services, and transfer to inpatient psychiatric setting.  2009 WL

347432 (S.D. W.Va Feb. 9, 2009). The district court "[could not] discern any commercial value in the above policies and procedures." *Id*. at *5. The court then noted that, "[a]lthough Defendants argue that they have expended significant time and expense developing their policies and that public dissemination would allow competitors to duplicate the policies without incurring any expense, other courts have rejected the above as grounds for finding that a company's policies qualify as confidential commercial information." *Id*. (citing *Braack*, 2007 WL 2156371 and *Zahran v. Trans Union Corp*., 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002) (holding that credit reporting agency's consumer relations policy for handling consumer disputes did not constitute trade secret or other confidential business information)). Thus, the court found that the defendant's policies and procedures did not qualify as trade secrets of confidential information entitled to protection under Rule 26(c). *Id*.

Here, although Home Depot's SOPs and training materials are labeled confidential and are developed through significant expenditures of time and effort, the Court finds that they are not the type of documents entitled to protection under Rule 26(c). *See e.g, Nutratech, Inc. v. Syntech Intern., Inc.,* 242 F.R.D. 552 (C.D.Cal.2007) (customer and supplier list and sales and revenue information qualifies as confidential commercial information); *Miles v. Boeing Co.,* 154 F.R.D. 112, 114 (E.D.Pa.1994) (information that reflects corporation's price competitiveness in market constitutes confidential commercial information); *Culinary Foods, Inc. v. Raychem Corp.,* 151 F.R.D. 297 (N.D.Ill.1993) (recognizing that formulae and marketing strategy are entitled to protection); *Russ Stonier, Inc. v. Droz Wood Co.,* 52 F.R.D. 232 (E.D.Pa.1971) (customer and supplier list qualify as confidential commercial information). Documents do not contain trade secrets just because they are labeled as confidential. *Littlejohn v. Bic Corp*., 851 F.2d 673, 685 (3d Cir. 1988). Like the *Labbe* and *Braack* courts, this Court can find nothing

unique or distinctive about the safety procedures or methodologies outlined in the portions of Home Depot's SOPs at issue.  Further, the Court cannot discern any competitive advantage to be gained by Home Depot by virtue of the confidentiality of these SOPs and employee training materials related to safely stacking and displaying merchandise.  Lastly, it appears that portions of the SOPs at issue (as well as other policies of a similar character related to suppliers) were previously available to the public on the internet without password protection.  That other competitors may adopt Home Depot's safety policies without incurring the associated expenses does not constitute a "clearly defined and very serious injury."  *Waelde,* 94 F.R.D. at 28.  Accordingly, the portions of Home Depot's SOPs and employee training materials at issue are not entitled to protection under Rule 26(c).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a permanent protective order (DN 17) is DENIED.